UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BLAKE A. JONES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DETROIT, et al.,<br><br>Defendants. | Case No. 26-cv-11886<br><br>Honorable Robert J. White |

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Blake A. Jones and "American Taliban, LLC" ("Jones," collectively) commenced what appears to be a 42 U.S.C. § 1983 action against the City of Detroit and the State of Michigan. (ECF No. 1). Before the Court is their *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id*. at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Jones's claims fail as a matter of law. First, the complaint fails to state a claim against the City of Detroit. A municipality may be held liable under § 1983 when its policy or custom causes a violation of federal rights, but it cannot be held liable solely because it employs a person who committed the alleged violation. *Monell v. Department of Social Services*, 436 U.S. 658, 691–92, 694 (1978); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Jones alleges that on May 4, 2019, Detroit Police Officer Jame's O'Shea stopped him, searched him, and seized his American Taliban company ID and multiple registered firearms. (ECF No. 1, PageID.1-2). He maintains that the stop was invalid and that the resulting detention, search, and seizure violated his Fourth

Amendment rights. (*Id.* at PageID.2). He also alleges that the officer discriminated against him after seeing "American Taliban" on his identification. (*Id.*).

Jones further alleges that, in July 2019, the Detroit Police Department invited him to the Ninth Precinct to retrieve his property. When he arrived, Jones alleges he was restrained and taken away after Officer O'Shea "perjured" a petition concerning his mental health treatment. (*Id.*). He also alleges that individually identifiable health information was unlawfully disclosed in connection with a Wayne County Probate Court matter. (*Id.*).

Even accepting these allegations as true, Jones does not allege that a Detroit policy or custom caused the stop, seizure, alleged discrimination, or events at the Ninth Precinct. Nor does he allege that the City disclosed his health information. The complaint therefore fails to state a § 1983 claim against the City. *See Thomas*, 398 F.3d at 429.

The claims against the State of Michigan likewise cannot proceed. The State is not a "person" subject to suit under § 1983 and is immune from suit in federal court. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64, 66 (1989).

Finally, Jones also alleges that he is unlawfully incarcerated in the Oakland County Jail as a "prisoner of war" based on false records and conflicting evidence. (ECF No. 1, PageID.3). To the extent he seeks release from custody, that relief is

unavailable through a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).
Accordingly,

IT IS ORDERED that Jones's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Jones may not file an appeal in *forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: September 24, 2026

s/Robert J. White
Robert J. White
United States District Judge